(No. 3897— )

MARY A. SKAGGS, ET AL., Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

MARY A. SKAGGS, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on January 9, 1945, by the above-named claimants, who seek an award under the provisions of the Workmen's Compensation Act, for the death of Zoeth C. J. Skaggs, the husband of Mary A. Skaggs, and the father of the above-named minor claimants.

The record consists of the complaint, a report of the Department of Public Safety, a report of the Department of Public Health, Division of Vital Statistics, and stipulation by and between Mary A. Skaggs, pro se, as claimant and the Honorable George F. Barrett, Attorney General, for the respondent, and photostatic copy of the marriage certificate of Mary A. Skaggs and Zoeth C. J. Skaggs, waiver of brief of claimant and waiver of brief of respondent.

This record discloses that the widow claimant and the deceased Zoeth C. J. Skaggs were united in marriage on the 27th day of May, 1931. The records of the Department of Public Health, Division of Vital Statistics, show that the following children were born to this marriage: William Frederick Skaggs, born September 4, 1932; Robert Jerome Skaggs, born November 1, 1934; Hall Murray Skaggs, born October 29, 1936; and Raymond Gerald Skaggs, born September 2, 1938.

The record further discloses that claimant, Mary A. Skaggs, and each of the above-named minor children,

254

were all living with and dependent upon the earnings of Zoeth C. J. Skaggs at the time of his death.

The record further discloses that the deceased husband of claimant was first employed by the respondent on May 8, 1930, as a guard at the Joliet Branch of the Illinois State Penitentiary. His salary at the time of first employment was $115.00 per month plus maintenance. He continued in his employment as a guard until the time of his death on November 24, 1944. On July 1, 1943, his salary was raised to $169.00 a month, which last amount he was receiving at the time of his death. The total salary received by Mr. Skaggs during the year next preceding his death was $2,028.00.

On November 24, 1944, between 10:00 and 10:30 A. M., Mr. Skaggs was taken as a hostage by vicious inmates who were attempting to escape from the Stateville prison. Mr. Skaggs was acting in the capacity of guard at the time he was made a hostage. In their attempt to escape in a truck, the inmates holding Mr. Skaggs as a captive were fired upon by guards stationed at various points on the wall enclosure of the penitentiary. As a result of the cross fire, Mr. Skaggs received bullet wounds which proved fatal. Drs. Chmelik, Joliet, and Roblee, Lockport, were called to attend Mr. Skaggs. He died approximately 1½ hours following his injury.

From a full consideration of the record, the Court finds that the deceased, Zoeth C. J. Skaggs, and respondent, were at the time of the accident and death of the former, operating within the terms of the Workmen's Compensation Act; that the injury and death of Zoeth C. J. Skaggs was caused by an accident which arose out of and in the course of his employment by the respondent; that respondent had actual knowledge of the accident and notice of claim and application for compensa-

tion were made within the time required under the provisions of said Act; that the deceased's annual earnings for the year preceding his death amounted to $2,028.00, making the average weekly wage amount to the sum of $39.00; that he left surviving him the widow, William Frederick Skaggs, Robert Jerome Skaggs, Hall Murray Skaggs, and Raymond Gerald Skaggs, all of whom are under the age of sixteen years and were dependent upon deceased for support.

An award is hereby entered in favor of claimants in the sum of $6,462.50, as provided in Section 7, Paragraphs (a) and (1) of the Workmen's Compensation Act, as amended. This award is payable to claimant, Mary A. Skaggs, in monthly installments, at a weekly compensation rate of $23.50. On June 8, 1945, there will be accrued the sum of $658.00, representing 28 weeks, which is payable to claimant in a lump sum.

The remainder of said award, amounting to the sum of $5,804.50, is payable to claimant in weekly installments of $23.50 for 247 weeks.

The future payments before referred to, being subject to the terms of the Workmen's Compensation Act, jurisdiction of this cause is hereby retained by this Court for the purpose of making such further orders as may from time to time be necessary herein.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."